IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEY KALAPACH, | : Civ. No. 1:24-CV-1478 |
| Plaintiff, | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| COLUMBIA COUNTY PRISON, et al., | : |
| Defendants. | : |

MEMORANDUM OPINION

I. Introduction

This case comes before us for consideration of a motion to dismiss filed by defendants Columbia County Prison Board ("CCPB") and George Nye, the Warden of the prison. (Doc. 17). The plaintiff, Ashley Kalapach, brought this action against the Columbia County Prison ("CCP"), the CCP Ward, CCPB, CCP Warden George Nye, and Former CCP Corrections Officer Joseph A. Rogutski. (Doc. 1). Kalapach's amended complaint asserts violations of her civil rights pursuant to 42 U.S.C. § 1983 arising out of an alleged sexual assault committed by Rogutski while she was incarcerated at CCP. (*See* Doc. 15).

Defendants CCPB and Nye now move to dismiss the claims against them. (Doc. 17). They argue that Kalapach cannot establish *Monell*[1] liability against CCPB, that the claim against Nye in his official capacity is redundant to the claim against CCPB, and that Kalapach has not pleaded facts to show the requisite personal involvement of Nye in the alleged constitutional violations. (Doc. 18, 25). After consideration, we find that Kalapach has pleaded sufficient facts to establish *Monell* liability against CCPB. However, we conclude that the claim against Nye in his official capacity fails as a matter of law, and Kalapach has failed to plead sufficient facts to show Nye's personal involvement in the alleged wrongs. Accordingly, the motion will be granted in part and denied in part.

## II. Background

Ashley Kalapach first met Defendant Joseph Rogutski in 2016 while she was incarcerated at CCP. (Doc. 15 ¶ 27). Rogutski was employed as a corrections officer at CCP and was assigned to guard Kalapach at a hospital during her surgery. (*Id.* ¶¶ 28-29). Kalapach was released from prison but became incarcerated at CCP again in 2021. (*Id.*

---

[1] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

¶ 30). During this time, Kalapach was assigned to a cell in the basement block where Rogutski supervised inmates. (*Id.* ¶¶ 31-32).

The amended complaint asserts that Rogutski made sexual advances and comments towards Kalapach on multiple occasions between January and March 2022, including requests to see her breasts. (Doc. 15 ¶¶ 37-38). Further, Kalapach alleges that on August 31, 2022, Rogutski ordered her to go to her cell where Rogutski forced himself upon her. (*Id.* ¶¶ 42-45). After the alleged incident, Kalapach called her fiancé, Kyle Briggs, and told him about her encounter with Rogutski. (*Id.* ¶ 54). Briggs called the jail to report what Kalapach told him on the same day, which led to Kalapach disclosing the alleged incident with Rogutski to two CCP lieutenants. (*Id.* ¶¶ 56-57). Rogutski was placed on paid leave and subsequently fired. (*Id.* ¶ 58).

Kalapach alleges that prior to the August 2022 incident, Rogutski sexually harassed at least one other inmate and was temporarily removed from the cell block before returning one month later. (Doc. 15 ¶ 6). She also alleges that Rogutski was smuggling contraband, including tobacco and prescription drugs, into the CCP to exchange for sexual acts

and that he made a number of sexual comments and requests in front of other corrections officers. (*Id.* ¶¶ 34-41).

Kalapach filed her original complaint on August 30, 2024, against CCP, CCP Ward, CCPB, Nye, and Rogutski. (Doc. 1). CCP, CCP Ward, CCPB, and Nye filed the first motion to dismiss on October 29, 2024. (Doc. 10). Kalapach then amended her complaint, withdrawing all claims against CCP and CCP Ward, claims of vicarious liability and negligent hiring against CCPB and Nye, and her request for injunctive relief. (Doc. 15). As to CCPB and Nye, Kalapach's remaining claim asserts a violation of her civil rights pursuant to § 1983. (*Id.*). CCPB and Nye filed this instant motion to dismiss the amended complaint for failure to state a claim. (Doc. 17). After consideration, the motion will be granted in part and denied in part.

### III. Discussion

#### A. Motion to Dismiss – Standard of Review

Defendants CCPB and George Nye have filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) permits the court to dismiss a complaint if the complaint fails to state a claim upon which relief can be granted. Fed. R.

Civ. P. 12(b)(6). Under federal pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

As the Third Circuit Court of Appeals has aptly summarized:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for

5

> relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination. *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on any other part of the record when deciding a motion to dismiss. *Jordan*, 20 F.3d at 1261.

## B. The Defendants' Motion to Dismiss will be Granted in Part and Denied in Part.

As we have noted, Kalapach asserts a § 1983 claim against CCPB and George Nye alleging that as administrators of the Columbia County Prison, they failed to adequately implement and enforce policies to ensure the safety of women incarcerated at the prison. As we will discuss, to the extent Kalapach asserts a *Monell* claim against CCPB, she has set forth sufficient facts to establish § 1983 liability against this defendant. Kalapach's claims against Nye, however, are insufficient because her existing claim against CCPB is the same as her claim against Nye in his official capacity as Columbia County Prison Warden. Additionally, she has not pleaded sufficient facts to show any personal involvement by Nye in the alleged constitutional violations. Accordingly, we will dismiss the claim against Nye in his individual capacity.

### 1. Columbia County Prison Board

Kalapach asserts a claim against the CCPB under a theory of *Monell* liability, alleging that CCPB's failure to prevent Rogutski from committing the alleged sexual abuse despite having knowledge of previous incidents and complaints constitutes deliberate indifference.

7

She asserts this claim pursuant to 42 U.S.C. § 1983, which provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*See* 42 U.S.C. § 1983. Therefore, "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *See Shuman v. Penn Manor School Dist.*, 422 F.3d 141, 146 (3d Cir. 2005) (citation omitted). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *See id.* (citation omitted).

A municipal entity may be liable for a constitutional violation under § 1983 if the violation was a direct result of the entity's policy, custom, or practice. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 695 (1978). However, an entity may not be held liable "solely because injuries were inflicted by its agents or employees." *Jiminez v. All*

*American Rathskeller, Inc.*, 503 F.3d 247, 249 (3d Cir. 2007). Rather, a plaintiff must demonstrate a "direct causal link" between the alleged constitutional violation and the municipal policy or custom. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).

In cases where a plaintiff is alleging a failure to train officers, the plaintiff must demonstrate that the "municipality's failure to train police officers . . . amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton*, 489 U.S. at 388. To establish such a claim, the plaintiff must demonstrate "contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents," coupled with "circumstances under which the supervisor's actions or inaction could be found to have communicated a message of approval to the offending subordinate." *Montgomery v. De Simone*, 159 F.3d 120, 127 (3d Cir. 1998) (citing *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997)).

Here, we conclude that Kalapach sufficiently establishes *Monell* liability against CCPB. In the amended complaint, Kalapach alleges that Rogutski had a history of harassment against female inmates and CCPB was aware of this conduct. (Doc. 15 ¶ 4). Specifically, Kalapach states

9

that Rogutski sexually harassed at least one other inmate prior to the alleged incident against her in August 2022 and that Rogutski was temporarily removed from working in the cell block after the previous incident. (*Id.* ¶ 6).

At the motion to dismiss stage, where we must accept these factual allegations as true, we conclude that Kalapach has sufficiently alleged that Rogutski was previously accused of sexual harassment against inmates before the alleged sexual assault against her and that CCPB was deliberately indifferent when it allowed him to continue working with female inmates despite having knowledge of the prior incident. Accordingly, the motion to dismiss this claim against CCPB will be denied.

### 2. George Nye

Kalapach also asserts a § 1983 claim against George Nye in both his official capacity as warden of Columbia County Prison and in his personal capacity. Liability under § 1983 requires a plaintiff to show that the defendant had personal involvement in the alleged constitutional violation. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Personal involvement may be shown through allegations regarding the

10

defendant's own conduct, or that the defendant had knowledge of the unconstitutional conduct and acquiesced in the behavior. *Id.* In this case, Nye contends that Kalapach's claim against him in his official capacity is redundant and should therefore be dismissed because the existing claim against CCPB is virtually the same. Nye further asserts that Kalapach's claim against him in his individual capacity should also be dismissed because she fails to allege any facts that establish his personal involvement in the failure to prevent Rogutski's alleged actions.

Because Kalapach is suing CCPB for the same alleged violations pursuant to § 1983, the claim against Nye in his official capacity is redundant. *See Cuvo v. De Biasi*, 169 F. App'x 688, 693 (3d. Cir. 2006) (nonprecedential) ("[A] lawsuit against public officers in their official capacities is functionally a suit against the public entity that employs them."). Accordingly, the claim against Nye in his official capacity fails as a matter of law and will be dismissed with prejudice.

Further, Kalapach does not allege any facts regarding Nye's own conduct or knowledge. She avers in her amended complaint that other corrections officers would overhear Rogutski's harassing comments and were therefore aware of his actions prior to the alleged assault. However,

11

there are no facts from which we can even infer that Nye was aware of Rogutski's comments or his alleged history of harassing female inmates such that he acquiesced in the wrongful conduct. Rather, the complaint, as currently pleaded, appears to rely on a *respondeat superior* theory, which is insufficient to state a § 1983 claim against Nye. Accordingly, the § 1983 claim against George Nye in his individual capacity will be dismissed without prejudice.

### C. The Plaintiff's Request for Leave to Amend will be Granted.

The plaintiff has requested leave to amend her complaint. Rule 15 of the Federal Rules of Civil Procedure permits a party to amend a pleading once as a matter of course, if amended within a particular timeframe, and with either consent of the opposing party or leave of court in all other cases. Fed. R. Civ. P. 15(a). Leave to amend should be freely given "when justice so requires." *Id.* However, the decision to grant a party's request to amend a pleading lies within the discretion of the court. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). A court may deny a party's request to amend if amendment would result in undue delay, is motivated by bad faith, or would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment is futile if the complaint, as amended, fails to

state a claim upon which relief can be granted. *In re Burlington Coat Factory Sec. Litigation*, 114 F.3d 1410, 1434 (3d Cir. 1997) ("In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6).").

Here, there is no indication that granting Kalapach's request for leave to amend the § 1983 claim against Nye in his individual capacity would result in undue delay, would be futile, is motivated by bad faith, or would prejudice the defendants. Accordingly, we will grant Kalapach's request and permit her to amend the complaint with respect to the § 1983 claim against Nye in his individual capacity.

## IV. Conclusion

For the foregoing reasons, the defendants' motion to dismiss (Doc. 17) will be GRANTED IN PART AND DENIED IN PART as follows:

1. The motion will be DENIED as to the *Monell* claim against the Columbia County Prison Board; and

2. The motion will be GRANTED as to the claim against George Nye. The official capacity claim will be dismissed WITH PREJUDICE, and the individual capacity claim will be dismissed WITHOUT PREJUDICE to the plaintiff endeavoring to amend her complaint to state a claim upon which relief may be granted.

An appropriate order follows.

Submitted this 4th day of February 2025.

> *s/ Daryl F. Bloom*
> Daryl F. Bloom
> Chief United States Magistrate Judge