IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEY KALAPACH, | : Civil No. 1:24-CV-1478 |
| Plaintiff, | : |
| v. | : (Chief Magistrate Judge Bloom) |
| COLUMBIA COUNTY PRISON, et al., | : |
| Defendants. | : |

MEMORANDUM AND ORDER

## I. Introduction

This is a civil action brought by the plaintiff, Ashley Kalapach, against various defendants, alleging violations of her constitutional rights while she was incarcerated in the Columbia County Prison in 2021.[1] In December of 2025, Kalapach's counsel moved to withdraw from representation, a request which we granted.[2] We then stayed this matter to afford the plaintiff an opportunity to obtain new counsel.[3] Hearing nothing from the plaintiff, and after being unable to contact her prior to a scheduled case management conference, we issued an order directing

---

[1] Doc. 1.
[2] Docs. 40, 41.
[3] Doc. 41.

the plaintiff to show cause on or before February 13, 2026 as to why this matter should not be dismissed for failure to prosecute.[4]

This deadline has passed with no filings from, or contact by, the plaintiff in this matter. Accordingly, we will dismiss this action due to the plaintiff's failure to prosecute.

## II. Discussion

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss a civil action for failure to prosecute or to comply with the Federal Rules or court orders.[5] Dismissal under this rule rests with the discretion of the court and will not be disturbed absent an abuse of discretion.[6] The court's discretion is governed by what are commonly referred to as the *Poulis* factors:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which

---

[4] Doc. 43.
[5] Fed. R. Civ. P. 41(b).
[6] *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (citations omitted).

entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.[7]

In making this determination, "no single *Poulis* factor is dispositive."[8] Moreover, "not all of the *Poulis* factors need be satisfied" to dismiss a complaint for failure to prosecute.[9] As the Court of Appeals has explained, "[i]n balancing the *Poulis* factors, [courts] do not [employ] a . . . 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case."[10]

In this case, an analysis of the *Poulis* factors leads us to conclude that this case should be dismissed. Consideration of the first factor—the party's personal responsibility—indicates that the delays are entirely attributable to the plaintiff, who has failed to abide by court orders or contact the court in any way regarding her case.

The second factor—prejudice to the adversary—also weighs heavily in favor of dismissal. This factor is entitled to great weight, since the Third Circuit has explained:

---

[7] *Emerson*, 296 F.3d at 190 (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).
[8] *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003).
[9] *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).
[10] *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (quoting *Mindek*, 964 F.2d at 1373).

3

> "Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873-74 (3d Cir. 1994) (internal quotation marks and citation omitted). Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Id.* at 874 (internal quotation marks and citations omitted). . . . However, prejudice is not limited to "irremediable" or "irreparable" harm. *Id.*; *see also Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003); *Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 693-94 (3d Cir. 1988). It also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Ware*, 322 F.3d at 222.[11]

Here, the defendants are plainly prejudiced by the plaintiff's failure to comply with court orders or litigate this case, and we find that this factor weighs in favor of dismissal.[12]

Considering the history of dilatoriness on the plaintiff's part, dismissal is appropriate. As the Third Circuit has stated, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such

---

[11] *Briscoe*, 538 F.3d at 259-60.
[12] *See e.g.*, *Tillio v. Mendelsohn*, 256 F. App'x 509 (3d Cir. 2007) (failure to timely serve pleadings compels dismissal); *Reshard v. Lankenau Hospital*, 256 F. App'x 506 (3d Cir. 2007) (failure to comply with discovery compels dismissal); *Azubuko v. Bell National Organization*, 243 F. App'x 728 (3d Cir. 2007) (failure to file amended complaint prejudices defense and compels dismissal).

4

as consistent non-response . . . , or consistent tardiness in complying with court orders."[13]   In the instant case, it is undisputed that the plaintiff has failed to comply with multiple court orders directing her to respond.

We further conclude that the fourth factor—whether the conduct of the party was willful or in bad faith—weighs in favor of dismissal. With respect to this factor, we must assess whether the party's conduct is willful, in that it involved "strategic," "intentional or self-serving behavior," or a product of mere inadvertence or negligence.[14]   Here, where the plaintiff has failed to comply with our instructions directing her to act, we are compelled to conclude that these actions are not inadvertent but reflect an intentional disregard for our instructions and for this case.

The fifth factor—the effectiveness of lesser sanctions—also cuts against the plaintiff in this case. Cases construing *Poulis* agree that when confronted with a *pro se* litigant who refuses to comply with court orders, lesser sanctions may not be an effective alternative.[15]   Here, by

---

[13] *Briscoe*, 538 F.3d at 260-61 (quoting *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994)) (quotations and some citations omitted).
[14] *Adams*, 29 F.3d at 875.
[15] *See e.g., Briscoe*, 538 F.3d at 262-63; *Emerson*, 296 F.3d at 191.

entering our prior orders and advising the plaintiff of her obligations, we have tried lesser sanctions to no avail. Accordingly, dismissal is the only available sanction remaining.

Finally, we are cautioned to consider the meritoriousness of the plaintiff's claims. However, we find that consideration of this factor cannot save the plaintiff's claims, as she has been wholly noncompliant with her obligations as a litigant. As we have explained, no one *Poulis* factor is dispositive, and not all factors must be satisfied for the plaintiff's case to be dismissed.[16] Accordingly, in our view, the untested merits of the plaintiff's claims, standing alone, cannot prevent the dismissal of those claims. Thus, this action will be dismissed with prejudice for the plaintiff's failure to prosecute.[17]

---

[16] *See Ware*, 322 F.3d at 222; *Mindek*, 964 F.2d at 1373.
[17] *See e.g.*, *Green v. Klepacki*, 2020 WL 7624834, at *3 (E.D. Pa. Dec. 21, 2020) (dismissing an action with prejudice for failure to prosecute where the plaintiff failed to respond to discovery or court orders).

Case 1:24-cv-01478-DFB   Document 44   Filed 02/19/26   Page 7 of 7

7

## III. Order

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED THAT this action is DISMISSED WITH PREJUDICE pursuant to Rule 41(b) for the plaintiff's failure to prosecute.  The Clerk of Court is directed to close this case.

So ordered this 19th day of February 2026.

*S/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge
